IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-01352-PSF-PAC
(Consolidated with 05-cv-01625-PSF-PAC)

HILARY STRECKENBACH, and
OMAR MARTINEZ,

     Plaintiff(s),

v.

Toyota Motor Corporation,
Toyota Motor Sales U.S.A., Inc.,
Takata Corporation, a foreign corporation believed to be headquartered in Japan,
Takata, Inc., a Delaware corporation,
TK Holdings, a foreign corporation,
TK Holdings, Inc., a Delaware corporation,
Takata Restraint Systems, Inc., a Delaware corporation,
Takata North American, Inc., a foreign corporation,
Takata Seatbelts, Inc., a foreign corporation,
Takata Seat Belts, Inc., a Delaware corporation,
Automotive Systems Laboratory, Inc., a Delaware corporation,
TI Holdings, Inc., a foreign corporation,
Irvin Automotive Products, Inc., a foreign corporation,
Irvin Industries, Inc., a foreign corporation,
Irvin Automotive Industries, Inc., a foreign corporation,
Halle & Stieglitz, Inc., a foreign corporation,
Halle Industrial Group, Inc., a foreign corporation,
Halle Industries, Inc., a foreign corporation,
Irvin Industries, Inc., N.Y., a foreign corporation,
Irvin Industries, Inc., Michigan, a foreign corporation,
Tokai Rika Co., Ltd., a foreign corporation
Bridgestone/Firestone, Inc., an Ohio corporation,
Bridgestone Corporation, a foreign corporation,

     Defendant(s).

_____

**ORDER** re: Protective Order
_____

05 cv-01352-PSF-PAC
(consolidated with 05-cv-01625-PSF-PAC)
June 12, 2006

Patricia A. Coan, Magistrate Judge

This is a products liability, negligence and breach of warranty case for damages arising out of a June 15, 2003 single car rollover motor vehicle accident, which allegedly occurred because of a defective tire, the Bridgestone Desert Dueler, manufactured by defendant Bridgestone/Firestone ("Firestone"). A July 21, 2005 Order of Reference referred this matter to the undersigned for pretrial case management. The matter now before the court is Defendant Bridgestone/Firestone's (Firestone's) Motion for Protective Order, filed March 31, 2006, Doc. # 83. Bridgestone Corporation filed a Joinder in Bridgestone/Firestone's Motion for Protective Order. See Doc. # 87. Firestone's motion has been fully briefed and Western Agricultural has joined in and adopted plaintiffs' response. See Doc. # 90. Oral argument would not be of material assistance. On May 16, 2006, Firestone filed a notice of withdrawal of the motion as to plaintiffs Streckenbach and Martinez only. See Doc. #106. On the same date, Bridgestone withdrew its "motion" for Protective Order, Doc. # 87. See Doc. # 107. Firestone's motion, Doc. # 83, remains pending only between Firestone and Western Agricultural.

I.

Under Rule 26(b) of the Federal Rules of Civil procedure, broad discovery relating to any claim or any defense of any party is permitted as long as it is not

05 cv-01352-PSF-PAC
(consolidated with 05-cv-01625-PSF-PAC)
June 12, 2006

otherwise privileged information. Whether materials are privileged is determined on a case-by-case basis. Whether to enter a protective order rests within the sound discretion of the court. *Thomas v. IBM*, 48 F.3d 478, 482 (10th Cir.1995). If privileged or confidential or proprietary information is sought, a protective order under Rule 26(c), Fed. R. Civ.P. may be entered.

Fed.R.Civ.P. 26(c) provides that the court, upon a showing of good cause, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way." "[No absolute privilege exists for trade secrets or proprietary business information" however. See *Federal Open Market Committee of the Federal Reserve Sys. v. Merrill*, 443 U.S. 340, 362 (1979) ("there is no absolute privilege for trade secrets and similar confidential information") (citations omitted); *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir.1981) (same).

"'Good cause' in the context of Rule 26(c)(7) means that the party seeking the protective order has the burden of proof to demonstrate (1) that the material sought to be protected is confidential and (2) that disclosure will create a competitive disadvantage for the party." *Georgia Television Co. v. TV News Clips of Atlanta*, 718

3

05 cv-01352-PSF-PAC
(consolidated with 05-cv-01625-PSF-PAC)
June 12, 2006

F.Supp. 939, 953 (N.D.Ga.1989); see also *Centurion*, 665 F.2d at 325. To establish "good cause", the moving party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements. . ." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981). If those requirements are met, the burden shifts to the party seeking discovery to establish that the disclosure of trade secrets is relevant and necessary to the action. The court must balance the need for the information against the claim of injury resulting from disclosure. *Centurion,* 665 F.2d at 325-26 (discussing burden of proof for protective order covering trade secrets)(internal quotations and citations omitted).

## II.

*1. Should a Rule 26(c) Protective Order* be Entered?

To resist discovery under Rule 26(c)(7), Firestone has the burden of proving that the information sought is in fact proprietary or confidential business information and if so, Firestone must then demonstrate that its disclosure would be harmful. *Centurion*, 665 F.2d at 325. Firestone seeks a blanket protective order to protect all documents produced, and particularly, what it considers to be information that "can be" used to track "product performance and customer satisfaction trends," see Firestone Motion at 2, which are associated with the tire which plaintiffs contend caused the rollover accident on June 15, 2003. Firestone wants to protect warranty adjustments, and

4

05 cv-01352-PSF-PAC
(consolidated with 05-cv-01625-PSF-PAC)
June 12, 2006

claims data concerning the subject tire model as well as other information relating to the tire. Firestone claims that the information requested is proprietary and confidential business information. *Id.* at 4. Firestone's counsel argues that disclosure of such information would be detrimental to Firestone's business relationships and would result in competitive harm in the workplace. Consequently, Firestone moves for a suitable protective order covering all documents produced in discovery. Plaintiffs respond that Firestone has not demonstrated good cause for a blanket protective order.

Firestone did not provide any documents for the court's review nor any affidavit to support its argument that the type of information it describes is a trade secret or otherwise proprietary or commercially sensitive which, if revealed to the public, would result in competitive harm to Firestone. Notwithstanding, plaintiffs appear to agree that a protective order should enter for some information, but not for every document produced in discovery. Plaintiffs cite authority for the general rule that pretrial discovery must take place in public, and that Firestone has not shown that all documents produced in discovery are sensitive commercial information which should be produced under a protective order. Western Agricultural, plaintiffs' subrogee, adopted plaintiffs' arguments. See Doc. # 90.

I agree with plaintiffs and find that Firestone has not demonstrated good cause under Rule 26(c)(7) for a blanket protective order for all documents produced in

5

05 cv-01352-PSF-PAC
(consolidated with 05-cv-01625-PSF-PAC)
June 12, 2006

discovery. Firestone further has not provided the court with any information which would allow a conclusion that the documents it seeks to protect are either trade secrets or propriety or sensitive commercial information, so that Firestone has not met the first element of the *Georgia Television* "good cause" test. Notwithstanding, the court can assume that some information necessary to plaintiffs' case would fall under the rubric of trade secrets or other propriety or sensitive commercial information, which if divulged to the public, could result in competitive harm to Firestone. Accordingly, a narrowly tailored protective order should enter to protect Firestone's trade secrets, or other proprietary or commercially sensitive information which would bring Firestone competitive harm if disclosed to the public. The protective order should contain, among others, provisions for the designation of only Firestone's trade secrets, or other proprietary or commercially sensitive information which would bring Firestone competitive harm and for challenges to any such designation, with unresolved disputes brought to the court's attention.

  *2. Should the protective order have a sharing provision?*

The primary focus of the parties' pleadings is not whether there should be a protective order, but rather, whether the protective order should include a sharing agreement to allow sharing of documents among other plaintiffs' attorneys bringing similar claims against Firestone. Firestone argues that allowing sharing of the

05 cv-01352-PSF-PAC
(consolidated with 05-cv-01625-PSF-PAC)
June 12, 2006

information increases the risk of disclosure of Firestone's proprietary information and that a sharing provision does not serve any legitimate interest. Firestone relies upon district court cases from several federal district courts in which requests for sharing of or the dissemination of materials to other attorneys in non-related cases were denied. See Firestone Motion at 12, n.6. Firestone argues that plaintiffs have not made any showing that a sharing provision would benefit the parties in this case, and that permitting such a provision would place the rulings from this court at odds with other courts across the country having differing discovery rules and differing state-law-based privileges. Firestone admits though, that plaintiffs may share any non-confidential documents obtained outside the discovery process. Finally, Firestone attaches to its motion a number of protective orders without sharing provisions or court orders denying requests for sharing provisions, which allegedly have entered in ten state court actions and in two federal district courts. See Firestone Motion, Exs. C, D, F, G, H, I, J, K, L, M, O, and Q. Bridgestone adds nothing in addition to Firestone's arguments in its "joinder" in Firestone's Motion. See Doc.# 87.

Plaintiffs respond that a protective order without a sharing provision would give defendants an unfair advantage and that secrecy orders are disfavored. Plaintiffs argue that, after Ford recalled ATX and Wilderness tires in 2000, over 250 suits were filed against Ford and Firestone for personal injuries, for expanded recall of tires, and

7

05 cv-01352-PSF-PAC
(consolidated with 05-cv-01625-PSF-PAC)
June 12, 2006

for the diminished value of class members' Ford Explorers.  Pl. Resp. at 2-4.   Those cases were consolidated for pretrial discovery purposes in the Southern District of Indiana for multi-district litigation.  *Id.* at 2-3.  There, in MDL 1373, Judge Barker entered a confidentiality order covering trade secret information which permitted disclosure of the trade secret information to all attorneys of record in the MDL cases and to all attorney staff, experts and others needed to prepare the cases for trial.  See *id.* at 3-4.  Disclosure was also permitted to "any attorney expert or consultant representing a party in other present or future cases in any court in the United States against Bridgestone/Firestone. . .alleging claims arising out of the same or similar set of facts, transactions or occurrences that are asserted in any complaint filed in the MDL cases."  *Id.* at 3 and Ex. A.

If a protective order is entered, plaintiffs ask that it contain a sharing provision similar to that entered in MDL 1373.  Plaintiff relies, in part, on *Koval v. General Motors*, 610 N.E. 2d 1199 (Ohio Com. Pl. 1990)(and cases cited therein).  There the court reasoned as follows:

> [t]he Court concludes that this motion for a protective order has more to do with other litigation and bad publicity than with what the court finds to be but vague and conclusory allegations of competitively sensitive documents. The court 'must consider the need for public dissemination, in order to alert other consumers to potential dangers posed by the product.' See Hendricks and United States v. Hooker Chemicals & Plastics Corp., supra. If the sharing of discovery can possibly save lives and stop injuries such as occurred here by forcing this defendant to act, then no protective

8

05 cv-01352-PSF-PAC
(consolidated with 05-cv-01625-PSF-PAC)
June 12, 2006

> order should prohibit it. As pointed out in plaintiff's brief in opposition: 'The analogous question to be asked here is whether the documents produced in the Ford Pinto Fuel tank cases should have been kept from the public.' The answer there, as here, must be a resounding 'No.'

*Koval*, 610 N.E. 2d at 1202.

Plaintiffs further cite the 1990 Judicial Improvements Act, Proceedings of the 51st Judicial Conference of the D.C. Circuit, and several law journal articles which argue in favor of sharing discovery in cases such as those alleging automobile defects. Plaintiffs here maintain that plaintiffs in that type of case should have a fair opportunity to litigate their claims; that a sharing provision would allow plaintiffs' attorneys to not have to "reinvent the wheel" in every case that is filed; and the courts would not have to rule on the same discovery issues repeatedly. See Pl. Resp. at 4-6. Such sharing of discovery. they argue, promotes judicial efficiency. *Id.* at 6. Plaintiffs also attach a number of protective orders with sharing provisions from other cases. Plaintiffs ask for a sharing provision similar to the one entered by Judge Barker in MDL 1373. Western Agricultural "joined" in plaintiffs' response to Firestone's motion, but did not add provide any additional argument of any kind. See Doc. # 90.

I agree with plaintiffs' arguments that sharing discovery with other plaintiffs in similar actions helps to promote the public policies of open proceedings, fair disclosure,

05 cv-01352-PSF-PAC
(consolidated with 05-cv-01625-PSF-PAC)
June 12, 2006

and judicial efficiency.  I am persuaded by the journal articles and those cases[1] which allow sharing between plaintiffs with similar bodily injuries or similar property damage or similar diminution in value of a vehicle, such as the types of plaintiffs in the multi-district litigation.  Sharing discovery furthers the important public policy of possibly saving lives and stopping injuries as expressed by the *Koval* court.

Further, since Western Agricultural, as Streckenbach and Martinez' subrogee[2] and Firestone are the only remaining parties interested in court resolution of the dispute about a protective order, I find that Western Agricultural's need for the materials as relevant and necessary to its subrogated claims of products liability, negligence and breach of warranty against Firestone, which materials may include some of Firestone's trade secret or other proprietary information, outweighs Firestone's concern for leaking what it claims to be trade secret or commercially sensitive information to a competitor.  Moreover, Firestone's concerns can be addressed and safeguarded in a suitable protective order.  Accordingly, a protective order with a sharing provision should extend to Western Agricultural.

---

[1] See, e.g., *Ward v. Ford Motor Co.*, 93 F.R.D. 579, 580 (D. Colo. 1982)(J. Carrigan)(permitting shared discovery among a plaintiffs' attorneys' information exchange group in products liability actions against automobile manufacturer).

[2] Western Agricultural, as plaintiffs' subrogee, stands in the shoes of the plaintiffs.  See *Aetna Casualty and Surety Co. v. The Crissy Fowler Lumber Co.*, 687 P.2d 514, 517 (Colo. App. 1984)(subrogee stands in the shoes of the owner and is suing for harm to the property. . .).

05 cv-01352-PSF-PAC
(consolidated with 05-cv-01625-PSF-PAC)
June 12, 2006

## III.

For the reasons stated, it is hereby

**ORDERED** that Defendant Firestone's Motion for Protective Order, filed March 31, 2006, Doc. # 83, is denied. It is denied as mooted by Firestone's withdrawal of the motion against plaintiffs Streckenbach and Martinez. It is denied with respect to a blanket protective order and a non-sharing provision as to Western Agricultural. It is further

**ORDERED** that Bridgestone's joinder in Firestone's motion is denied as mooted by Bridgestone's withdrawal of its joinder. It is further

**ORDERED** that, if a protective order is still required in this case between Western Agricultural and Firestone, an order with terms similar to those in MDL 1373 and in compliance with this order are to be submitted to the court for approval no later than June 26, 2006.

Dated June 12, 2006.

By the Court:

s/Patricia A. Coan
Patricia A. Coan
Magistrate Judge